# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-62095-BLOOM/Reid

DAMAS JOSEPH,

      Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

      Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge Reid (the "Report"). *See* ECF No. [23]. This action was previously referred to the Honorable Lisette M. Reid for a Report and Recommendation on any dispositive matters. *See* ECF Nos. [2], [20].

Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. [1] ("Petition"). In the Petition, Petitioner argues that his counsel ineffectively stipulated to the admission of his statement, which was obtained through coercive tactics, for impeachment purposes at trial.

On October 7, 2019, Judge Reid issued the Report recommending that the Petition, be denied on the merits, that no certificate of appealability be issued, that final judgment be entered, and that the case should be closed. ECF No. [23], at 14. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.* Plaintiff has timely filed objections to the Report. *See* ECF No. [26] ("Objections").

The Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court first notes that Petitioner's Objections are improper, as they are either a recitation of arguments originally raised in his Petition and considered by the Magistrate Judge or are merely disagreements with the Report's findings.

Specifically, Petitioner maintains that his "custodial statement was [obtained] thru coercive tactics," and further that the trial court should have "concluded that Defendant's statement was involuntary." ECF No. [26], at 2-3. Petitioner also objects to the Magistrate Judge's finding that the Petitioner failed to show any prejudice related to the trial court's ruling that his statement could be used at his trial for impeachment purposes. *Id.* at 3.

Upon careful review, the objections are improper because they merely expand upon and reframe arguments already made and considered by the Magistrate Judge in her Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

As for Petitioner's first contention that the trial court should have found that his custodial statement was obtained through coercive tactics and thus was involuntary, such objection is

improper as it relitigates the same arguments raised in the Petition, and Petitioner's Reply. *See* ECF No. [1], at 5 ("It was illogical for counsel to rescind this celebrated victory . . . whereas statement were found to be involuntary because they were obtained through coercive tactics"); *see also* ECF No. [17], at 5 ("Issue at Hand . . . involves the involuntariness of statement ruled by judge . . . Petitioner['s] . . . statements which have been found to be involuntary because they have been found to be obtained through coercive tactics." ). The Court also notes that the trial court's ruling at the hearing on the voluntariness of Petitioner's statement was consistent with United States Supreme Court precedent. Indeed, a voluntary statement can be admissible for impeachment purposes, despite a substantive violation of a defendant's Miranda rights having occurred. *See Oregon v. Hass*, 420 U.S. 714 (1975).

Here, as the Report details, the record reflects that the trial court considered the Petitioner's recorded statement to police that he wanted to speak with law enforcement and had not been threaten or forced to do so. *See* ECF No. [23], at 2; *see also* ECF [16-1], at 29:13-30:21. Thus, this Court finds that the record supports the trial court's (and the Report's) conclusion that the Petitioner's statement to police was voluntary.

Regarding Petitioner's objection to the Report's finding that the Petitioner failed to show any prejudice related to counsel's alleged ineffectiveness, the Court finds that it is also improper. Indeed, the sole ground raised in the Petition was a claim for ineffective assistance of counsel, related to the attorney's stipulation that the Petitioner's statement could be introduced for impeachment at trial. ECF No. [1], at 5. Further, this stipulation was made after the trial court rendered its ruling on the voluntariness of the Petitioner's statement. Thus, any objection by counsel to the statement's introduction would have been futile. Beyond his conclusory objection that the Report was erroneous, and even assuming that his counsel was deficient for making the

stipulation, Petitioner fails to articulate how the stipulation was prejudicial in light of the overwhelming evidence the jury considered at the Petitioner's trial. Petitioner's Objections are silent as to how the introduction of his statement was substantially influential to the jury in returning the guilty verdict.

After a close review of the record and the law, the Court finds that Petitioner's objections are due to be overruled. The Court has conducted a *de novo* review of Judge Reid's Report, the record and applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Reid's Report to be well reasoned and correct, and the Court agrees with the its analysis.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendation, **ECF No. [23]**, is **ADOPTED**.

2. Petitioner's Objections, **ECF No. [26]**, are **OVERRULED**.

3. The Petition for Habeas Corpus Relief, **ECF No. [1]**, is **DENIED**, and Final Judgment is entered in favor of the Respondent. No Certificate of appealability shall be issued.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on November 14, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Counsel of Record

Damas Joseph
L88243
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034